IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **FREDDIE D. JAMES,** | : | |
| Plaintiff, | : | |
| vs. | : | **CIVIL ACTION 23-203-JB-MU** |
| **WILLIAM E. SCULLY, JR.**, | : | |
| Defendants. | : | |

### REPORT & RECOMMENDATION

Before the Court is Plaintiff Freddie D. James's "Motion Amending For Writ of Certiorari." (Doc. 7). The motion has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R). Upon consideration of all matters presented, it is recommended that this action be **DISMISSED, without prejudice**.

Plaintiff Freddie D. James, a pretrial detainee proceeding *pro se* filed a complaint under 42 U.S.C. § 1983 setting forth claims related to an ongoing criminal matter in the District Court of Baldwin County, Alabama. (Doc. 1). James also submitted a motion to proceed with this action without the prepayment of fees (doc. 5), which was granted by order on August 28, 2023 ("the Order"). (Doc. 6). In the Order, the Court instructed James that for his suit to proceed, he was required to pay a partial filing fee of $4.33 by September 22, 2023. However, the Court pointed out that James's claims (and the relief sought) did not appear actionable under section 1983 and, instead, were more properly brought through a petition for habeas relief - which James has already filed in this court, *see* Civil Action No. 23-cv-204-JB-MU. Notably, James's habeas case presents identical

facts and claims as those asserted in his § 1983 complaint.

To date, James has not submitted the required partial filing fee. On September 11, 2023, he did however file a "Motion Amending for Writ of Certiorari," which is now before the Court. (Doc. 7). Based on the allegations pleaded and relief requested, the Court interprets this filing as James's intent to proceed with his asserted claims through his habeas case, 23-cv-204-JB-MU. Accordingly, it is recommended that this purported § 1983 action be **DISMISSED without prejudice.** James shall file any matters related to the asserted claims in his pending habeas case, *James v.* Mack, Civil Action No. 23-cv-204-JB-MU.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the

objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE and ORDERED** this **13th day of October, 2023**.

                                     s/P. BRADLEY MURRAY
                                     UNITED STATES MAGISTRATE JUDGE